UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NANCY L. COBB,                            )
      *Plaintiff*,                          )
                                          )
*vs*.                                     )        1:12-cv-01881-JMS-DKL
                                          )
THE LILLY RETIREMENT PLAN,                )
      *Defendant.*                         )

## ORDER

Presently before the Court is Defendant The Lilly Retirement Plan (the "Plan")'s Motion to Dismiss, [dkt. 10], which the Court grants for the reasons that follow.

## I.
### STANDARD OF REVIEW

The Federal Rules of Civil Procedure impose only a notice-pleading requirement for complaints. Fed. R. Civ. Pro. 8. Thus, "[s]pecific facts are not necessary; the [plaintiff] need only 'give the defendant fair notice of what the claim is and the grounds on which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) (alteration omitted)) (per curiam). Nonetheless, "a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (synthesizing *Erickson* and *Twombly*). In that circumstance, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper.

A motion filed under Rule 12(b)(6) asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). For the purposes of that rule, the Court will ignore legally conclusory allegations. *Id.* at 1945-50 ("Although for the

purposes of a motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (internal citation and quotation marks omitted)).  The Court will, however, give the complaint the benefit of reasonable inferences from all non-conclusory allegations.  *See id.*

## II.
### BACKGROUND

Plaintiff Nancy L. Cobb has been receiving an "88.5-point" retirement benefit from the Plan every month since July 2004, the month after she retired from Eli Lilly and Company ("Lilly").   In her Complaint, she alleges that in early 2004, she consulted Lilly about her retirement benefits. [Dkt. 1, ¶ 7.]  Ms. Cobb recognized that in the event she retired before reaching 90 points (age plus years of service), her monthly pension benefit would be reduced in accordance with the provisions of the Plan, and based on her consultation in early 2004, she originally intended to continue her employment with Lilly until on or about March 31, 2005 when she would have attained the 90 plus points.  [*Id.* at ¶ 8.]   In February 2004, Lilly advised Ms. Cobb that if she reached the 90-point mark her retirement benefit would total an estimated $3,631.58 per month.  [*Id.* at ¶ 9.]

Lilly subsequently presented Ms. Cobb with a proposed "early retirement" buy-out package.  [*Id.* at ¶ 10.]  As a proposed condition to acceptance of the buy-out package, she would be required to retire prior to August 13, 2004.  [*Id.*]  Lilly told Ms. Cobb that if she accepted the early retirement package, she would receive reduced retirement benefits under the Plan.  [*Id.* at ¶ 11.]

According to Ms. Cobb, "certain customs and practices at Lilly" permitted employees to request additional points under the Plan.  [Dkt. 1 at ¶ 12.]  Ms. Cobb alleges that she requested that Lilly credit her with additional points so that she would receive a 90-point retirement benefit

2

rather than a reduced benefit.  [Dkt. 1 ¶ 13.]   Ms. Cobb does not allege that Lilly or a Plan representative affirmatively granted her request to receive 90 point under the Plan, either orally or in writing.

Ms. Cobb alleges that Lilly presented her with "certain written materials for review and acceptance, in the form of a Lilly Plan Retiree Election Form" that stated that Ms. Cobb would receive monthly retirement benefits of $3,648.15.  [Dkt. 1 ¶ 14.]   This amount was consistent with Ms. Cobb's anticipated monthly retirement benefit, as calculated at 90 point under the Plan. [Dkt 1 ¶ 14.]  Ms. Cobb accepted early retirement on June 28, 2004.  [Dkts. 1 ¶ 15; 1-1 at 5.] Since July 2004, Ms. Cobb has received Plan benefits totaling $3,469.74 per month instead of $3,648.15.  [Dkt. 1 ¶ 16.]

In December 2011, Ms. Cobb initiated a claim under the Plan for additional benefits dating back to July 2004.  [Dkt. 1, ¶ 17; 1-2 at 3-4.]  Lilly's Employee Benefits Committee ("EBC") denied Ms. Cobb's claim.   In December 2012, Ms. Cobb initiated this suit for a wrongful denial of benefits under ERISA § 502(a)(1)(B).   Ms. Cobb claims that the Plan's failure to pay her $3,648.15 per month is arbitrary and capricious because it controverts both Lilly's alleged agreement that Ms. Cobb would receive the additional service credit necessary for a 90-point retirement benefit and the Retiree Election Form.

### III.
#### DISCUSSION

Ms. Cobb's claim arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*, which governs the Plan.  ERISA, which was enacted to provide a comprehensive regulatory scheme for employee benefit plans, "includes an integrated system of procedures for enforcement" that preempts any state-law cause of action that "duplicates, supplements, or supplants the ERISA civil enforcement remedy."  *Aetna Health,*

*Inc. v. Davila*, 542 U.S. 200, 208 (2004) (internal citation and quotation marks omitted). Accordingly, Ms. Cobb's exclusive remedy lies in ERISA.  *Id.*

In seeking to dismiss Ms. Cobb's claims, Lilly argues that Ms. Cobb has no valid cause of action under ERISA because she has failed to state a claim for plan benefits and, regardless, any claim she may bring now is outside the statute of limitations.  [Dkt. 11 at 7-14.]  Ms. Cobb argues that her cause of action did not begin to accrue until the Lilly Employee Benefits Committee denied her claim.  [Dkt. 12 at 16.]   The Court will address the substantive and procedural arguments in turn.

### A.  Sufficiency of Ms. Cobb's Allegations to State a Claim under ERISA

ERISA's exclusive enforcement mechanisms are in ERISA § 502(a), *Aetna*, 542 U.S. at 208, specifically, ERISA § 502(a)(1)(B), which allows a plan participate to sue to enforce her rights under the terms of a plan.  Lilly first argues that Ms. Cobb has failed to state a viable claim under ERISA because she "is receiving the exact level of benefits the Plan's actual terms provide her – an 88.5-point retirement benefit – and she does not allege otherwise."  [Dkt. 11 at 7.]   The Court agrees.

Although Ms. Cobb points to the value listed on her Retirement Election Form as  the proper value she is to be paid, the Retiree Election Form is a not a Plan amendment.  *See Downs v. World Color Press*, 214 F.3d 802 (7th Cir. 2000).  As Lilly points out, the Plan's procedures expressly allow it to be amended, modified, or terminated only "by resolution of [Lilly's] Board of Directors…," [dkt. 11 at 9 (quoting Section 13.02(a) of the Plan)],  and nowhere has Ms. Cobb alleged that Lilly's Board of Directors resolved to amend the Plan.  [*See* dkt. 1.]  Furthermore, the Seventh Circuit has specifically held that oral modification of an ERISA plan is prohibited, *Downs*, 214 F.3d at 805, so any alleged oral statements cannot constitute amendment of the Plan.

4

The Court finds unavailing Ms. Cobb's arguments that reliance on *Downs* is misplaced because the standard there was one of summary judgment.   The prevailing principles remain applicable: a Retiree Election Form is not a Plan amendment, and the Plan cannot be amended orally.   *Downs*, 214 F.3d at 805.   Applying the FRCP 12(b)(6) standard to the allegations in Ms. Cobb's Complaint – which is entirely devoid of an allegation that Lilly's Board of Directors amended her Plan – Ms. Cobb's claims fail as a matter of law.   For that reason, the Court grants Lilly's motion to dismiss.  [Dkt. 10.]

### B.   Statute of Limitations Governing Ms. Cobb's Claim

Even if Ms. Cobb had pled a viable claim under ERISA, the Court agrees with Lilly that any such claim would be time-barred.   Because ERISA does not impose a statute of limitations under its civil enforcement provision, "the district court must apply the most appropriate state statute of limitations so long as it is consistent with federal law and policy."   *Ingram v. Travelers Ins. Co.*, 78 F.3d 586 (7th Cir. 1996), *aff'd* 78 F.3d 586 (7th Cir. 1996).

As Lilly points out, [dkt. 11 at 12], in this case, the most appropriate statute is Indiana Code § 34-11-2-1 (the "Employment Statute"), which provides the following:

> An action relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) must be brought within two (2) years of the date of the act or omission complained of.

The Indiana Court of Appeals has instructed in *Kemper v. Warren Petroleum Corp.*, 451 N.E.2d 1115 (Ind. Ct. Ap. 1983), that for the exception to the Employment Statute to apply, the written contract must be a written employment agreement, and a written retirement plan is not itself an employment contract.   *Id.* at 1117.   Accordingly, the two-year statute of limitations of the Employment Statute applies to Ms. Cobb's claims.  I.C. § 34-11-2-1.

In her response brief opposing dismissal, Ms. Cobb cites *Daill v. Sheet Metal Workers'*
*Local 73 Pension Fund*, 100 F.3d 62, 65-67 (7th Cir. 1996), in arguing that her cause of action
did not accrue until after Lilly denied her December 27, 2011 claim for benefits.  [Dkt. 12 at 15.]
Her reliance on *Diall* is misplaced, however, because unlike the plaintiff in *Diall*, who made a
request for benefits, was denied by letter, and only then had a cause of action for benefits, Ms.
Cobb had been receiving the allegedly incorrect amount since July 2004.   As the Seventh Circuit
has explained, payment of an allegedly incorrect amount "serve[s] as the final step of a clear
repudiation of the participant['s] entitlement to anything different."  *Thompson v. Retirement*
*Plan for Employees of S.C. Johnson & Son, Inc.*, 651 F.3d 600, 606 (7th Cir. 2011).  Because
Ms. Cobb received the first allegedly incorrect amount in July 2004, the statute of limitations
fully ran in July 2006.   Therefore, even if she had alleged a viable claim, it would be time-
barred.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss, [dkt. 10],
and **DISMISSES WITH PREJUDICE** Ms. Cobb's claim against Lilly.  [Dkt. 1.]  Judgment
will issue accordingly.

06/07/2013

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to counsel of record**